UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **08 CR  453** |
| | ) | |
| BOBBIE BROWN, Jr., | ) | **JUDGE ANDERSEN** |
| BARRY ADAMS, | ) | |
| LESLIE LOVE, | ) | |
| GWENDOLYN JACKSON, | ) | No. |
| DONALD FELTON, | ) | **MAGISTRATE JUDGE COLE** |
| JAMES GAROFALO, | ) | |
| CALVIN TOWNSEND, | ) | |
| HARRY DEFOURNEAU, | ) | |
| BRANDON ELLINGTON, | ) | Violations: Title 18, United States |
| WAYNE HARRIS, | ) | Code, Sections 1341, 1343, 1344, |
| SHALONDA SLOAN, | ) | and 1028A(a)(1) |
| LATONJA SPENCER, | ) | |
| TIFFANY THURMAN, | ) | |
| CHARQUETTE CHRISTINE CAMPBELL, | ) | |
| DOMINIC MOSCATO, | ) | **F I L E D** |
| DAVID JACKSON, | ) | |
| BUFORD PETEET, | ) | JUN – 3 2008 |
| JEAN HERNAL, | ) | |
| EDGARDO HERNAL, | ) | MICHAEL W. DOBBINS |
| PRENTICE MASON, and | ) | CLERK, U.S. DISTRICT COURT |
| BOZIDAR KELIC | ) | |

COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.    At times material to this indictment:

    a.    Defendant BOBBIE BROWN, Jr. operated several businesses, including

Chicago Global Investments, Inc.("Chicago Global"), B&M Customs Homes, Inc., Brown Trucking,

Inc., and World Wide Investments, Inc., which he used to facilitate the purchase and sale of real

estate.

    b.    Defendant GWENDOLYN JACKSON was the co-owner and president of

Chicago Global. In this capacity, defendant GWENDOLYN JACKSON oversaw the financial affairs of Chicago Global.

        c.      Defendant BARRY ADAMS was employed by Chicago Global as a field manager.

        d.      Defendant HARRY DEFOURNEAU was a licensed attorney in the State of Illinois.

        e.      Defendant DONALD FELTON was a tax practitioner and the owner of Donald J. Felton Accounting and Tax Services.

***Loan Officers***

        f.      Defendant CHARQUETTE CHRISTINE CAMPBELL was a licensed loan originator in the State of Illinois and employed by Companies A and B , both mortgage brokerage companies.

        g.      Defendant WAYNE HARRIS acted as a loan originator working with defendant CAMPBELL at Companies A and B.

        h.      Defendant BRANDON ELLINGTON was a licensed loan originator in the State of Illinois and employed by Companies C and D, both mortgage brokerage companies.

        i.      Defendant SHALONDA SLOAN was a licensed loan originator in the State of Illinois and employed by Companies E and F, both mortgage lenders.

        j.      Defendant LATONJA SPENCER was a licensed loan originator in the State of Illinois and employed by Company G, a mortgage brokerage company.

        k.      Defendant TIFFANY THURMAN was a loan originator employed by Companies H and I, both mortgage lenders.

l.       Defendant DOMINIC MOSCATO was a licensed loan originator in the State of Illinois and the owner of Company J, a mortgage brokerage company. Defendant MOSCATO was also a licensed real estate agent in the State of Illinois.

**Realtors**

m.       Defendant LESLIE LOVE was a licensed real estate agent in the State of Illinois and the owner of Total Real Estate.

n.       Defendant CALVIN TOWNSEND was a licensed real estate agent in the State of Illinois and served as a real estate agent for Companies K and L. Defendant TOWNSEND was also the owner of Custom Home Service Corporation.

**New Home Builders**

o.       Defendant JAMES GAROFALO was a new home builder and co-owner of Madison Homes Partnership. In this capacity, he constructed and offered for sale newly-built residences in the Chicagoland area.

**FDIC Institutions**

p.       Countrywide Bank, Washington Mutual Bank, Fremont Investment & Loan, and Indy Mac Bank were institutions whose deposits were insured by the Federal Depository Insurance Corporation ("FDIC").

2.       Beginning in or about August 2004 and continuing through in or about May 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
BARRY ADAMS,
LESLIE LOVE,
GWENDOLYN JACKSON,
DONALD FELTON,

3

> JAMES GAROFALO,
> CALVIN TOWNSEND,
> HARRY DEFOURNEAU,
> BRANDON ELLINGTON,
> WAYNE HARRIS,
> SHALONDA SLOAN,
> LATONJA SPENCER,
> CHARQUETTE CHRISTINE CAMPBELL,
> TIFFANY THURMAN,
> DOMINIC MOSCATO,
> DAVID JACKSON,
> JEAN HERNAL,
> EDGARDO HERNAL,
> PRENTICE MASON,
> BUFORD PETEET, and
> BOZIDAR KELIC,

defendants herein, together with others known and unknown to the grand jury, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property, by false representations, pretenses and promises, from lenders engaged in the business of issuing mortgage loans for the purchase of residential property, including First Magnus Financial Corp., Accredited Home Lenders, Inc., Argent Mortgage Company, Midwest Funding Bancorp, American Home Mortgage, Long Beach Mortgage Co., First Franklin Financial Company, Countrywide Home Loans, Inc., (hereinafter referred to collectively as "lenders"), and in furtherance thereof, used the United States mails, and other interstate carriers, and interstate wire transmissions which scheme is further described below.

3.      It was part of the scheme that from in or about August 2004 until in or about May 2008, defendants caused to be issued approximately 150 fraudulent mortgage loans, from which the defendants obtained and caused to be obtained more than $95 million in fraudulent mortgage loan proceeds from mortgage lenders for themselves and others known and unknown to the grand jury.

4.      It was further part of the scheme that defendants BROWN, ADAMS, LOVE, TOWNSEND and GWENDOLYN JACKSON purchased and caused to be purchased residences, individually or through nominees, including defendants DAVID JACKSON, MASON, PETEET, JEAN HERNAL, EDGARDO HERNAL, KELIC, and FELTON, among others.

5.      It was further part of the scheme that defendants BROWN, ADAMS, LOVE, GWENDOLYN JACKSON and TOWNSEND and others solicited defendant GAROFALO and other new home builders, as well as other sellers, to sell their newly-constructed and existing residences to nominees at inflated prices.

6.      It was further part of the scheme that defendant GAROFALO and other sellers agreed to pay defendants BROWN, LOVE, GWENDOLYN JACKSON, TOWNSEND and MOSCATO finders fees and commissions upon the sale of the properties, knowing that a portion of those funds were to be paid to the nominees to complete the purchases of the newly-constructed residences.

7.      It was further part of the scheme that defendant GAROFALO, along with other new home builders and sellers, agreed to inflate the sale prices of their residences so that defendants BROWN, LOVE, GWENDOLYN JACKSON, TOWNSEND and MOSCATO could receive real estate commissions or finders fees that ranged from approximately five percent to as much as thirty percent of the sales price of each residence.

8.      It was further part of the scheme that defendant BROWN, individually, acquired several of the residences through the use of false information including stolen social security numbers and other forms of personal identification without the knowledge or permission of the owner of the identification information.

9.      It was further part of the scheme that defendants BROWN, ADAMS, LOVE,

5

GWENDOLYN JACKSON, TOWNSEND, and others recruited nominees, including defendants
DAVID JACKSON, MASON, PETEET, JEAN HERNAL, EDGARDO HERNAL, KELIC, and
FELTON, among others, to buy the residences with promises of "no money down" and "cash back
at closing," if the prospective purchaser agreed to act as a nominee.  The nominees were also
promised that the properties would be rented out by defendants BROWN, LOVE, GWENDOLYN
JACKSON and TOWNSEND or their agents; that they would not have to make any mortgage
payments in connection with the residences; and that further, their names would be removed from
the title after approximately twelve months.  Based on those promises and representations,
defendants BROWN, ADAMS, LOVE, GWENDOLYN JACKSON, TOWNSEND,  and others
persuaded a number of individuals to act as nominees to buy multiple residences ( the "BROWN
residences"), including defendants DAVID JACKSON, MASON, PETEET, JEAN HERNAL,
EDGARDO HERNAL, KELIC, and FELTON, among others.

    10.    It was further part of the scheme that defendants BROWN, ADAMS, LOVE,
GWENDOLYN JACKSON, TOWNSEND, and others referred the nominees to loan originators
including defendants ELLINGTON, HARRIS, SLOAN, THURMAN, CAMPBELL, MOSCATO,
SPENCER, and others so that mortgage loan application packages for the nominees could be
prepared.

    11.    It was further part of the scheme that defendants ELLINGTON, HARRIS, SLOAN,
THURMAN, CAMPBELL, MOSCATO, SPENCER, and others prepared and caused to be prepared
fraudulent mortgage loan application packages on behalf of the nominees buying the BROWN
residences, which packages contained fraudulent loan applications, among other documents to ensure
the nominees qualified for loans.  The mortgage loan applications were fraudulent in that they

contained a variety of false statements designed to induce lenders to issue mortgage loans to nominees who were not otherwise qualified for such loans, including, false statements regarding the nominees' employment, income, assets, liabilities and intention to occupy the premises as a primary or secondary residence.  In addition, the loan applications failed, in some instances, to disclose that nominees had, in a short span of time, purchased multiple residences and had obtained mortgages for these residences from other lenders.

12.    It was further part of the scheme that defendants BROWN, ADAMS, LOVE, FELTON, TOWNSEND, ELLINGTON, HARRIS, SLOAN, THURMAN, CAMPBELL, MOSCATO, and SPENCER and others created and caused to be created false verifications of employment ("VOEs"), false accountant letters, false verifications of rent ("VORs") and leases to support the false statements in the loan applications regarding the financial status of the nominee including the nominees' employment and income,  and false verifications of deposits (" VODs") to support the false representations in the loan applications regarding the amount of money and source of the deposits in the nominees' bank accounts.

13.    It was further part of the scheme that defendant FELTON and others, as tax practitioners, prepared and caused to be prepared false documents claiming that they had prepared tax returns for nominees well-knowing the false statements in these documents were material to the lenders' decisions to issue mortgage loans to the nominees, and were made for the purpose of inducing the lenders to issue loans to individuals who were not always qualified for the loans.

14.    It was further part of the scheme that Alan Robinson, being a licensed notary public in the State of Illinois, notarized documents on behalf of defendant BROWN and the nominees well-knowing the false statements in these documents were material to the mortgage lenders' decisions

to issue mortgage loans to the nominees and were made for the purpose of inducing the lenders to issue loans to individuals who were not always qualified for the loans.

15.    It was further part of the scheme that defendants BROWN, LOVE, GWENDOLYN JACKSON, TOWNSEND, MOSCATO, DEFOURNEAU and GAROFALO and other new home builders submitted and caused to be submitted loan application packages to mortgage lenders containing, among other things, documents that failed to either disclose that commissions or finders fees were being paid to defendants BROWN and GWENDOLYN JACKSON, or that nominees were being paid with proceeds from the real estate transactions, well-knowing that false statements and omissions in these closing documents were material to the mortgage lenders' decisions to issue mortgage loans to the nominees. The false statements and omissions on the closing documents were made for the purpose of inducing the mortgage lenders to issue loans to individuals who were not always qualified for the loans.

16.    It was further part of the scheme that defendants BROWN, ADAMS, LOVE, GWENDOLYN JACKSON, FELTON, TOWNSEND, DEFOURNEAU, ELLINGTON, HARRIS, SLOAN,    THURMAN, CAMPBELL, MOSCATO, SPENCER, DAVID JACKSON, JEAN HERNAL, EDGARDO HERNAL, MASON, KELIC, and PETEET, among others, submitted and caused to be submitted loan application packages to lenders containing, among other things, the false documents referred to above, including, the false loan applications, VOEs, VODs, VORs and, accountant letters and leases, well-knowing the false statements in these documents were material to the lenders' decisions to issue mortgage loans to the nominees, and were made for the purpose of inducing the lenders to issue loans to individuals who were not always qualified for the loans.

17.    It was further part of the scheme that defendants BROWN, LOVE, ADAMS,

8

TOWNSEND, and GWENDOLYN JACKSON paid loan originators, including defendants ELLINGTON and HARRIS, and nominees including defendants FELTON, MOSCATO, DAVID JACKSON, MASON, JEAN HERNAL, EDGARDO HERNAL, KELIC and PETEET among others, using the proceeds from the real estate transactions.

18.     It was further part of the scheme that defendant DEFOURNEAU, being an attorney licensed to practice in the State of Illinois, represented the nominees at several of the real estate closings at the request of defendants BROWN and LOVE, knowing that the real estate closing and mortgage documents contained false representations material to the lending decisions, including, false claims that the nominees were going to live in the BROWN residences and further that the nominees were not being paid to purchase the property.

19.     It was further part of the scheme that defendants BROWN, ADAMS, LOVE, TOWNSEND and GWENDOLYN JACKSON provided and caused to be provided down payments, earnest money checks, and funds used by the nominees for the real estate deals which falsely represented the nominees as the source of the funds, when in fact, the nominees had not contributed any funds to the purchase of the residence. These false representations about the source of the funds were made to deceive the lenders by creating the false impression that the nominees were financially committed to the transaction.

20.     It was further part of the scheme that defendants BROWN, ADAMS, LOVE, GWENDOLYN JACKSON, FELTON, GAROFALO, TOWNSEND, DEFOURNEAU, ELLINGTON, HARRIS, SLOAN, SPENCER, THURMAN, CAMPBELL, MOSCATO, DAVID JACKSON, MASON, JEAN HERNAL, EDGARDO HERNAL, KELIC and PETEET received the proceeds of mortgage loans that lenders issued to nominees  on or near the date of the real estate

closing of the BROWN residences sales and used the loan proceeds to enrich themselves and to buy and sell additional residences.

21.    It was further part of the scheme that defendants BROWN, ADAMS, LOVE, GWENDOLYN JACKSON and TOWNSEND and others including their associates, friends and relatives resided in the BROWN residences without making mortgage payments as required by the lenders, thus causing the loans obtained by the nominee buyers to go into default.

22.    It was further part of the scheme that defendants BROWN, ADAMS, LOVE, GWENDOLYN JACKSON, FELTON, GAROFALO, TOWNSEND, DEFOURNEAU, ELLINGTON, HARRIS, SLOAN, SPENCER, THURMAN, CAMPBELL, MOSCATO, DAVID JACKSON, MASON, JEAN HERNAL, EDGARDO HERNAL, KELIC, and PETEET, and others, known and unknown to the grand jury concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

23.    As a result of the fraudulent acts of defendants BROWN, ADAMS,  LOVE, GWENDOLYN  JACKSON,  FELTON,  GAROFALO,  TOWNSEND,  DEFOURNEAU, ELLINGTON, HARRIS, SLOAN,  THURMAN, CAMPBELL, MOSCATO, SPENCER, DAVID JACKSON, MASON, JEAN HERNAL, EDGARDO HERNAL, KELIC  and PETEET, and others known and unknown to the grand jury, the lenders issued mortgage loans to the nominees in an amount totaling more than $95 million and incurred losses of approximately $19 million on the mortgage loans because they were not paid by the nominees causing the residences to be foreclosed and resold for amounts less than the outstanding mortgage loan balance.

24.    On or about June 30, 2006, at Matteson, in the Northern District of Illinois, Eastern

Division, and elsewhere,

BOBBIE BROWN, Jr.,
LESLIE LOVE,
BARRY ADAMS,
BRANDON ELLINGTON, and
PRENTICE MASON,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs and signals, the transfer of funds in the amount of approximately $428,932 from a Deutsche Bank account held in the name of Accredited Home Lenders Inc. in Santa Ana, California, to American Chartered Bank in Schaumburg, Illinois, for credit to the account of Law Title Insurance Agency, Inc, which transfer represented the proceeds of a mortgage loan issued to defendant MASON for the purchase of a residence located at 4830 West Sligo Way, Country Club Hills, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about July 13, 2005, at Palos Hills, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,<br>
JAMES GAROFALO,<br>
CHARQUETTE CHRISTINE CAMPBELL, and<br>
WAYNE HARRIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, the transfer of funds in the amount of approximately $486,309 from a Deutsche Bank account held in the name of Accredited Home Lenders, Inc. in Santa Ana, California, to Archer Bank in Chicago, Illinois, for credit to the account of Condor Title Services, LLP, which transfer represented the proceeds of a mortgage loan issued Buyer A for the purchase of a residence located at 1326 Troon Street, Flossmoor, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

12

<u>COUNT THREE</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about May 16, 2005, at Palos Hills, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
JAMES GAROFALO,
CHARQUETTE CHRISTINE CAMPBELL, and
WAYNE HARRIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, the transfer of funds in the amount of approximately $470,755 from a Deutsche Bank account held in the name of Accredited Home Lenders, Inc. in Santa Ana, California, to Archer Bank in Chicago, Illinois, for credit to the account of Condor Title Services, LLP, which transfer represented the proceeds of a mortgage loan issued to Buyer B for the purchase of a residence located at 1527 Tearle Court, Flossmoor, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.    On or about November 6, 2006, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr., and
BUFORD PETEET,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the transfer of funds in the amount of approximately $706,409 an account at National City Bank held in the name of First Franklin Financial Corporations in Indianapolis, Indiana, to JP Morgan Chase Bank in New York, New York, for credit to the account of Stewart Title of Illinois, which transfer represented the proceeds of a mortgage loan issued to defendant PETEET for the purchase of a residence located at 8811 Port Washington, Frankfort, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT FIVE</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about August 16, 2006, at Palos Hills, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,<br>
BARRY ADAMS,<br>
LESLIE LOVE,<br>
HARRY DEFOURNEAU, and<br>
BRANDON ELLINGTON,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the transfer of funds in the amount of approximately $505,802 from a Deutsche Bank account held in the name of Accredited Home Lender in Santa Ana, California, to Archer Bank in Chicago, Illinois, for credit to the account of Condor Title Services, LLP, which transfer represented the proceeds of a mortgage loan issued to Buyer C for the purchase of a residence located at 11243 Abbey Road, Mokena, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.     On or about February 18, 2005, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr., and<br>GWENDOLYN JACKSON,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the transfer of funds in the amount of approximately $528,800 from a Deutsche Bank account held in the name of Argent Mortgage Company in New York, New York, to LaSalle Bank in Chicago, Illinois, for credit to the account of Greater Illinois Title Company, which transfer represented the proceeds of a mortgage loan issued to Buyer D for the purchase of a residence located at 1227 Laura Lane, Woodridge, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

16

## COUNT SEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.     On or about June 27, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
BARRY ADAMS,
LESLIE LOVE,
SHALONDA SLOAN, and
PRENTICE MASON,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the transfer of funds in the amount of approximately $330,000 from a Countrywide Bank account held in the name of Countrywide Home Loans in Westlake, California, to Bank of America in New York, New York, for credit to the account of Chicago Title & Trust Company, which transfer represented the proceeds of a mortgage loan issued to defendant MASON for the purchase of a residence located at 2703 Second Private Road, Flossmoor, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

COUNT EIGHT

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about May 26, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,<br>
DONALD FELTON,<br>
HARRY DEFOURNEAU, and<br>
SHALONDA SLOAN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the transfer of funds in the amount of approximately $581,463 from a Countrywide Bank account held in the name of Countrywide Home Loans in Westlake, California, to LaSalle Bank in Chicago, Illinois, for credit to the account of Chicago Title & Trust Company, which transfer represented the proceeds of a mortgage loan issued to Buyer E for the purchase of a residence located at 1527 Tearle Court, Flossmoor, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

18

## COUNT NINE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about August 24, 2006, at Oakbrook, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
DONALD FELTON, and
SHALONDA SLOAN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a facsimile from JP Morgan Chase Bank in Baton Rouge, Louisiana, at (225)332-6212, to Charter Funding in Oakbrook, Illinois, at (630)891-0171, transmitting a verification of deposit for Buyer F relating to a loan application for the purchase of a residence located at 8697 Highstone Way, Frankfort, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about October 31, 2005, at Hickory Hills, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,<br>
WAYNE HARRIS,<br>
CHARQUETTE CHRISTINE CAMPBELL, and<br>
DAVID JACKSON,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a transfer of funds in the amount of approximately $671,351 from a Deutsche Bank account held in the name of Accredited Home Lenders, Inc. in Santa Ana, California, to Bank of America Illinois in Chicago, Illinois, for credit to the account of Chicago Title and Trust Company, which transfer represented the proceeds of a mortgage loan issued to defendant DAVID JACKSON for the purchase of a residence located at 114 Columbia Avenue, Elmhurst, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

20

## COUNT ELEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about March 15, 2006, at Oak Lawn, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
LESLIE LOVE,
HARRY DeFOURNEAU,
WAYNE HARRIS,
CHARQUETTE CHRISTINE CAMPBELL, and
BOZIDAR KELIC,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a transfer of funds in the amount of approximately $632,863 from a Deutsche Bank account held in the name of Accredited Home Lenders, Inc. in Santa Ana, California, to Bank of America Illinois in Chicago, Illinois, for credit to the account of Ticor Title Insurance Company, which transfer represented the proceeds of a mortgage loan issued to defendant KELIC for the purchase of a residence located at 12961 South Klappa Drive, Lemont, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

21

## COUNT TWELVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about March 24, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,<br>
GWENDOLYN JACKSON,<br>
CHARQUETTE CHRISTINE CAMPBELL, and<br>
WAYNE HARRIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $344,910 from a Deutsche Bank account held in the name of Accredited Home Lenders, Inc. in Santa Ana, California, to Bank of America in New York, New York, for credit to the account of Ticor Title Insurance Company, which transfer represented the proceeds of a mortgage loan issued to defendant BROWN for the purchase of a residence located at 4242 185th Place, Country Club Hills, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

22

<u>COUNT THIRTEEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      Beginning in or about August 2004 and continuing through in or about May 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,<br>
BARRY ADAMS,<br>
LESLIE LOVE,<br>
CALVIN TOWNSEND,<br>
BRANDON ELLINGTON,<br>
LATONJA SPENCER,<br>
DOMINIC MOSCATO, and<br>
PRENTICE MASON,

defendants herein, together with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud financial institutions and to obtain money and property owned by and under the custody and control of financial institutions who engaged in the business of issuing mortgage loans for the purchase of residential property.  More specifically, the defendants schemed to obtain fraudulent mortgage loan proceeds from various financial institutions, including Countrywide Bank, Indy Mac Bank, Freemont Investment and Loans, Washington Mutual Bank (hereinafter referred to collectively as "lenders"), by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.      The allegations contained in paragraphs 3 through 23 of Count One are hereby realleged and incorporated herein by reference.

4.      On or about September 28, 2006, at Olympia Fields, in the Northern District of

Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
LESLIE LOVE, and
DOMINIC MOSCATO,

defendants herein, knowingly executed and attempted to execute the above-described scheme by

causing Countrywide Bank, a financial institution insured by the FDIC, to fund a mortgage loan in

the amount of approximately $1,170,000 to defendant BROWN for the purchase of a residence

located at 58 Silo Ridge, Orland Park, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOURTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 3 of Count Thirteen of this indictment is hereby realleged and incorporated by reference as if fully restated herein.

2.     On or about June 27, 2006, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
BARRY ADAMS,
LESLIE LOVE, and
PRENTICE MASON,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing Indy Mac Bank, a financial institution insured by the FDIC, to purchase a mortgage loan in the amount of approximately $760,000 to defendant MASON for the purchase of a residence located at 1204 Baybrook, Addison , Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

<u>COUNT FIFTEEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 3 of Count Thirteen of this indictment is hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about June 28, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CALVIN TOWNSEND, and<br>LATONJA SPENCER,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing Freemont Investment and Loan, a financial institution insured by the FDIC, to fund a mortgage loan in the amount of approximately $1,000,000 to Buyer G for the purchase of a residence located at 19161 Crawford, Homewood, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

<u>COUNT SIXTEEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 3 of Count Thirteen of this indictment is hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about October 16, 2006, at Palos Hills, in the Northern District of Illinois, Eastern Division, and elsewhere,

CALVIN TOWNSEND, and<br>
LATONJA SPENCER,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing Freemont Investment and Loan, a financial institution insured by the FDIC, to fund a mortgage loan in the amount of approximately $690,000 to Buyer H for the purchase of a residence located at 1440 Troon Street, Flossmoor, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

COUNT SEVENTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 3 of Count Thirteen of this indictment is hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about October 23, 2006, at Orland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

CALVIN TOWNSEND, and<br>
BRANDON ELLINGTON,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing Washington Mutual Bank, a financial institution insured by the FDIC, to fund a mortgage loan in the amount of approximately $950,000 to Buyer I for the purchase of a residence located at 16731 Julie Ann Lane, Orland Park, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

28

## COUNT EIGHTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about October 4, 2005, at Downers Grove, in the Northern District of Illinois, Eastern Division, and elsewhere,

> BOBBIE BROWN, Jr.,
> LESLIE LOVE, and
> LATONJA SPENCER,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by the United States Postal Service, according to the directions thereon, a Real Estate Settlement Procedures Act  letter addressed to Buyer J in Downers Grove, Illinois, disclosing various terms of the loan sought for the purchase of a residence located at 8601 Hotchkiss, Frankfort, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT NINETEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.　　The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.　　On or about February 27, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,<br>
LESLIE LOVE,<br>
HARRY DEFOURNEAU,<br>
TIFFANY THURMAN, and<br>
BOZIDAR KELIC,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by the United States Postal Service, according to the directions thereon, a Real Estate Settlement Procedures Act letter addressed to defendant KELIC, in Chicago, Illinois, disclosing various terms of the loan sought for the purchase of a residence located at 1334 Gordon Lane, Lemont, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

COUNT TWENTY

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about January 25, 2007, at Naperville, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
HARRY DeFOURNEAU,
WAYNE HARRIS,
CHARQUETTE CHRISTINE CAMPBELL, and
DOMINIC MOSCATO,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by Federal Express, a commercial interstate carrier, according to the directions thereon, loan documents from First American Title in Naperville, Illinois, addressed to Midwest Funding Bancorp in Batavia, Illinois relating to the purchase of a residence by Buyer K, located at 4032 Juneberry Road, Naperville, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

COUNT TWENTY-ONE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about April 24, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
BARRY ADAMS,
WAYNE HARRIS,
CHARQUETTE CHRISTINE CAMPBELL, and
PRENTICE MASON,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by the United States Postal Service, according to the directions thereon, a Real Estate Settlement Procedures Act letter addressed to defendant MASON, on West 64th Street, Chicago, Illinois, disclosing various terms of the loan sought for the purchase of a residence located at 20932 Mayfair Drive, Mokena, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

32

## COUNT TWENTY-TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about December 20, 2005, at Round Lake, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
LESLIE LOVE,
GWENDOLYN JACKSON,
HARRY DeFOURNEAU,
CHARQUETTE CHRISTINE CAMPBELL, and
WAYNE HARRIS,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by the United States Postal Service, according to the directions thereon, a Real Estate Settlement Procedures Act letter addressed to defendant Buyer L, on Periwinkle Way, Round Lake, Illinois, disclosing various terms of the loan sought for the purchase of a residence located at 1401 Troon Street, Flossmoor, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWENTY-THREE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about July 20, 2005, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
LESLIE LOVE,
TIFFANY THURMAN, and
CALVIN TOWNSEND,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by the United Parcel Service, an interstate commercial carrier, according to the directions thereon, an envelope, containing loan closing documents, from Greater Illinois Title Company in Westchester, Illinois, addressed to American Home Mortgage, 520 Broadhollow Road, Mellville, New York, relating to the purchase of a residence located at 70 West Deer Lane, Lemont, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWENTY-FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about September 15, 2005, at Mokena, in the Northern District of Illinois, Eastern Division, and elsewhere,

> BOBBIE BROWN, Jr.,
> LATONJA SPENCER,
> JEAN HERNAL, and
> EDGARDO HERNAL,

defendants herein, for the purpose of executing the above-described scheme to defraud knowingly caused to be sent and delivered by the United Parcel Service, an interstate commercial carrier, according to the directions thereon, an envelope, containing a check in the amount of $607,456.93, addressed to Countrywide Home Loans, Inc., Payoff Department, 5401 North Beach Street, Fort Worth, Texas 76137-2733, for payment relating to the purchase of a residence located at 8680 Huckins, Frankfort, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

COUNT TWENTY-FIVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 23 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.    On or about August 31, 2005, at Bolingbrook, in the Northern District of Illinois, Eastern Division, and elsewhere,

BOBBIE BROWN, Jr.,
LESLIE LOVE,
WAYNE HARRIS,
CHARQUETTE CHRISTINE CAMPBELL,
JEAN HERNAL, and
EDGARDO HERNAL,

defendants herein, for the purpose of executing the above-described scheme to defraud, knowingly caused to be sent and delivered by the United Parcel Service, an interstate commerical carrier, according to the directions thereon, an envelope, containing a check in the amount of $548,130.03, addressed to Countrywide Home Loans, Inc., Payoff Department, 5401 North Beach Street, Fort Worth, Texas 76137-2733, for payment relating to the purchase of a residence located at 2532 Stonehenge, Aurora, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

36

COUNT TWENTY-SIX

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 28, 2006, at Olympia Fields, in the Northern District of Illinois, Eastern Division,

BOBBIE BROWN, Jr.,

defendant herein, knowingly possessed and used, without lawful authority, a means of identification of another person, namely, the social security number of Individual A, during and in relation to the bank fraud offense described in Count Thirteen of this indictment;

In violation of Title 18, United States Code Sections 1028A(a)(1) and 2.

37

FORFEITURE ALLEGATION ONE

The SPECIAL AUGUST 2006-1 GRAND JURY further alleges:

1.      The allegations in Counts Thirteen through Seventeen of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)

2.      As a result of their violations of Title 18, United States Code, Section 1344 as alleged in Counts Thirteen through Seventeen,

BOBBIE BROWN, Jr.,
BARRY ADAMS,
LESLIE LOVE,
GWENDOLYN JACKSON,
DONALD FELTON,
JAMES GAROFALO,
CALVIN TOWNSEND,
HARRY DeFOURNEAU,
BRANDON ELLINGTON,
WAYNE HARRIS,
SHALONDA SLOAN,
LATONJA SPENCER,
TIFFANY THURMAN,
CHARQUETTE CHRISTINE CAMPBELL,
DOMINIC MOSCATO,
DAVID JACKSON,
JEAN HERNAL,
EDGARDO HERNAL,
PRENTICE MASON,
BOZIDAR KELIC, and
BUFORD PETEET,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2), any and all right, title, and interest they may have in any property constituting, and derived from proceeds they obtained, directly and indirectly, as the result of such violations.

3.      The interests of defendants subject to forfeiture pursuant to Title 18, United States

Code, Sections 982(a)(2) include funds in the approximate amount of $19,000,000.

      4.      If any of the forfeitable property described above, as a result of any act or omission

by defendants:

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions

of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code,

Section 982(b)(1);

      All pursuant to Title 18, United States Code, Sections 982(a)(2).

39

FORFEITURE ALLEGATION TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in Counts One through Twelve and Fourteen through Twenty-Five of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      As a result of their violations of Title 18, United States Code, Sections 1341 and 1343 as alleged in Counts One through Twelve and Fourteen through Twenty-Five,

BOBBIE BROWN, Jr.,
BARRY ADAMS,
LESLIE LOVE,
GWENDOLYN JACKSON,
DONALD FELTON,
JAMES GAROFALO,
CALVIN TOWNSEND,
HARRY DeFOURNEAU,
BRANDON ELLINGTON,
WAYNE HARRIS,
SHALONDA SLOAN,
LATONJA SPENCER,
TIFFANY THURMAN,
CHARQUETTE CHRISTINE CAMPBELL,
DOMINIC MOSCATO,
DAVID JACKSON,
JEAN HERNAL,
EDGARDO HERNAL,
PRENTICE MASON,
BOZIDAR KELIC, and
BUFORD PETEET,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections and 981(a)(1)(C), any and all right, title, and interest they may have in any property constituting, and derived from proceeds they obtained, directly and indirectly, as the result of such

40

violations.

     3.     The interests of the defendants subject to forfeiture to the United States pursuant to

Title 18, United States Code, Section 981(a)(1)(c) as incorporated by Title 28, United States Code,

Section 2461(c), include funds in the amount of approximately $19,000,000.

     4.     If any of the forfeitable property described above, as a result of any act or omission

by the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without

        difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461(c).

     All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States

Code, Section 981(a)(1)(C).

                           A TRUE BILL:

                           _____

                           FOREPERSON

_____

UNITED STATES ATTORNEY